# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**GREGORY L. JONES, JR.**                    **Civil Action No.:  2:21 cv 00139**

**VERSUS**                                   **District Judge Carl Barbier**

**DARRELL SIMMONS; MCLANE**
**COMPANY, INC; CHUBB INDEMNITY**
**INSURANCE COMPANY AND/OR CHUBB**
**NATIONAL INSURANCE COMPANY AND/OR**
**ACE AMERICAN INSURANCE COMPANY;**
**RYDER TRUCK RENTAL, INC.; AND**
**ABC INSURANCE COMPANY**                    **Magistrate Judge Karen Wells Roby**

---

## MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFF'S REBUTTAL WITNESS

Darrell Simmons ("Simmons"), McLane/Southern, Inc. ("McLane"), Chubb Indemnity Insurance Company ("Chubb") and Ryder Truck Rental, Inc. ("Ryder") (collectively "Defendants") submit this Memorandum in Support of their Motion to Exclude Plaintiff's Rebuttal Witness, Wayne Winkler.

## Overview

This Court should exclude Wayne Winkler pursuant to this Court's scheduling order and Rule 26(a)(2) of the Federal Rules of Procedure because Mr. Winkler is an improper rebuttal witness who intends to offer untimely expert opinions.  The evidence in this matter shows that plaintiff failed to offer any expert evidence to support his theory of liability and ultimately, his case-in-chief.  Plaintiff is now attempting to correct his failure by offering Mr. Winkler's untimely case-in-chief opinions through the back door of rebuttal, which is improper pursuant to this Court's scheduling order and longstanding jurisprudence.  Furthermore, to the extent that Mr. Winkler intends to contradict testimony related to any issue asserted by defendants in their affirmative

defenses, Mr. Winkler cannot be considered a "rebuttal witness," since defendants' affirmative defenses are an anticipated and expected portion of their case-in-chief.

To date, Mr. Winkler has not provided an expert report. Trial is set for May 16, 2022. Since any testimony from Mr. Winkler is not proper rebuttal and would result in prejudice to the defendants, Mr. Winkler should be excluded as a witness for the plaintiff.

### Relevant Factual Background

This matter arises from a two vehicle commercial trucking accident that occurred on January 14, 2020 in Lafourche Parish. Gregory Jones ("Plaintiff" or "Jones") was driving a commercial rig northbound on Louisiana Highway 308 which is a two-lane highway with one lane headed in each direction. Darrell Simmons ("Defendant" or "Simmons") was driving a Ryder truck rig southbound on Highway 308. Simmons was acting within the course and scope of his employment for defendant McLane. Despite overwhelming evidence to the contrary, plaintiff claims that Simmons crossed into plaintiff's northbound lane and struck plaintiff's trailer.[1]

On December 20, 2020, plaintiff filed suit in Lafourche Parish State Court against Simmons, McLane, Chubb, and Ryder, seeking damages for injuries he allegedly sustained as a result of the accident.[2] Defendants verified diversity jurisdiction and removed the case to the USDC Eastern District of Louisiana. The defendants then answered the lawsuit denying liability, alleging that plaintiff caused the accident and asserting additional affirmative defenses.[3]

---

[1] R. Doc. 1.
[2] R. Doc. 1.
[3] R. Doc. 7.

On January 12, 2022, this Court issued a Scheduling Order which set February 21, 2022, as plaintiff's expert report deadline.[4]  No date was defined to disclose expert rebuttal reports.[5]  The Court's scheduling order specifically states:

> The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness.[6]

Plaintiff submitted his expert disclosures on February 21, 2022, in which Nicholas Schlechte was identified as his Rule 26(a)(2)(B) expert in automotive data analysis.[7]  According to Mr. Schlechte's Rule 26(a)(2)(B) report, he is a crash reconstruction expert who was retained by plaintiff's counsel to analyze post-accident photographs of the speedometer in Simmons' rig and to discuss the accuracy of the non-zero values on the instrument cluster.[8]  In other words, does a photograph of Simmons speedometer post-accident establish that Simmons was traveling 56 miles per hour at the time of the impact.  Mr. Schlechte's report does <u>not</u> include any opinions regarding liability or fault for the subject accident.[9]  Plaintiff failed to disclose any other Rule 26(a)(2)(B) experts who could provide any such opinions.

Plaintiff identified Wayne Winkler as a Rule 26(a)(2)(D)(ii) rebuttal expert in accident reconstruction.[10]  Plaintiff did not provide a report from Mr. Winkler by the February 21, 2022 deadline. Instead, plaintiff indicates that Mr. Winkler will provide his report according to the disclosure deadlines outlined in Rule 26(a)(2)(D)(ii).[11]  Plaintiff's strategy is to have Mr. Winkler

---

[4] R. Docs. 18 and 20. The Court's scheduling order originally set January 21, 2021, as the deadline for Plaintiff's expert reports. It was thereafter extended to February 21, 2022 by this Court's Order dated January 12, 2022.
[5] R. Doc. 18.
[6] R. Doc. 18.
[7] See Ex. 1 (Plaintiff's Expert Disclosures)
[8] See Ex. 2 at p. 4 (Schlechte's Report)
[9] See Ex. 2 at p. 6.
[10] See Ex. 1 (Plaintiff's Expert Disclosures)
[11] See Ex. 1 (Plaintiff's Expert Disclosures)

provide rebuttal testimony in response to the report and opinions offered by Michael Gillen, defendants' accident reconstruction expert.[12]

On March 17, 2022, Mr. Gillen timely issued his Rule 26(a)(2)(B) report and opinions.[13] Defendants provided Mr. Gillen's report to plaintiff the next day.  Mr. Gillen considered all evidence and opined that the accident occurred as a result of plaintiff's trailer crossing into Simmons' lane causing contact between Simmons' tractor and plaintiff's trailer.[14] Thus, Mr. Gillen's expert report disproves plaintiff's liability theory.

Plaintiff knows that the physical evidence at the scene (skid marks, gauge marks, etc) discredit his liability claim.  Hence, the strategy to sabotage the defendants by not providing liability opinions from any experts within the expert report deadline only to later submit liability opinions from a rebuttal witness <u>after</u> defendants produce their own expert opinions regarding liability.  This blatant attempt to circumvent the rules results in clear prejudice to the defendants and plaintiff's strategy should not be allowed.  For the reasons set forth more fully herein, Defendants respectfully request that this Court exclude Mr. Winkler from the trial of this matter.

## **<u>Legal Standard</u>**

Rule 26(a)(2) of the Federal Rules of Civil Procedure governs the disclosure of expert testimony.  Pursuant to Rule 26(a)(2)(D), the time to disclose expert testimony is as follows:

> (D) Time to Disclose Expert Testimony. *A party must make these disclosures at the times and in the sequence that the court orders.* ***Absent a stipulation or a court order***, the disclosures must be made:
>
>> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or

---

[12] See Ex 1 (Plaintiff's Expert Disclosures)
[13] See Ex 3 (Report of Michael Gillen). Defendants' expert report deadline was March 18, 2022. *See* R. Doc. 18.
[14] See Ex. 3 (Report of Michael Gillen)

> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.[15]

The disclosure deadlines outlined in Rule 26(a)(2)(D) apply only in the absence of a stipulation or court order.[16] When a scheduling order is in place, district courts are given "broad discretion to preserve the integrity and purpose of the pretrial order."[17] This discretion includes the decision to exclude evidence as a means of enforcing those orders.[18] The district court's decision to exclude evidence as a means of enforcing a pretrial order will not be disturbed absent a clear abuse of discretion.[19]

The district court similarly has broad discretion in determining whether a party may present testimony in rebuttal.[20] According to Rule 26 (2)(a)(D)(ii), proper rebuttal evidence is that which is "intended solely to contradict or rebut evidence on the same subject matter identified" by the opposing party's case in chief expert report.[21]  The Fifth Circuit additionally instructs that "[r]ebuttal is a term of art, denoting evidence introduced by a Plaintiff to meet new facts brought out in his opponent's case in chief."[22] Therefore, **a witness "whose purpose is to contradict an expected and anticipated portion of [a] case in chief can never be considered a 'rebuttal witness.'"**[23]

---

[15] Fed. R. Civ. P. 26(a)(2)(D) (*emphasis added*).

[16] *See Roth v. Sentry Ins.*, No. CV 20-1298, 2021 WL 1534499, at *1 (E.D. La. Apr. 19, 2021); *see also LeBeouf v. Manning*, 2016 WL 9411380, at *7 (E.D. La. Feb. 2, 2016).

[17] *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).

[18] *Id.*

[19] *Id.*

[20] Cates v. Sears, Roebuck & Co., 928 F.2d 679, 685 (5th Cir. 1991); La. Healthcare Self Ins. Fund v. United States, Civil Action No. 12-766-JJB-RLB, 2014 WL 3720526, at *2 (M.D. La. July 25, 2014) (citing Wright Root Beer Co. of New Orleans v. Dr. Pepper Co., 414 F.2d 887, 892 (5th Cir. 1969)).

[21] Fed. R. Civ. P. 26(a)(2)(D)(ii); *see also United States v. 9.345 Acres of Land*, No. CV 11-803-JJB-EWD, 2016 WL 5723665, at *3 (M.D. La. Sept. 30, 2016).

[22] *Morgan v. Commercial Union Assurance Cos.*, 606 F.2d 554, 555 (5th Cir. 1979) (citing *Mersel v. United States*, 420 F.2d 517, 520 (5th Cir. 1969)).

[23] *See Stumbaugh v. Am. Com. Lines LLC*, No. CIV.A. 08-1669, 2009 WL 2922312, at *5 (E.D. La. Sept. 9, 2009) (citing Morgan, 606 F.2d at 556) (emphasis added).

5

Not all potential evidence can be used as rebuttal evidence. Rebuttal is not "intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information."[24] Therefore, rebuttal evidence cannot be used to establish any "issue of potential importance to the outcome of [a party's] case in chief."[25]   A party similarly cannot use a rebuttal witness "to remedy what [the attorneys] perceived to be a defect in their case-in-chief."[26]   While a rebuttal expert may use different methods of analysis from those used by the case-in-chief expert, an expert may not offer new arguments or opinions once the scheduling order's deadline for the exchange of expert reports has passed.[27]

## Law and Argument

### A.   Mr. Winkler is unable to offer proper rebuttal testimony and should be excluded as an improper rebuttal witness.

The main issue in this case is liability and the trier of fact will determine whether plaintiff or Simmons caused the accident by crossing the center line of the highway.   The physical evidence overwhelmingly shows that plaintiff crossed the center line and is solely at fault.

Plaintiff has the burden of proof and the obligation to provide expert opinions on the ultimate issue of liability prior to the date for defendants to produce expert reports.   Yet, plaintiff has failed to provide any expert opinions which refute the physical evidence which shows that plaintiff crossed the center line into Simmons' lane where the impact occurred.   Instead, plaintiff offered the report and opinions of his solidary Rule 26(a)(2)(B) expert, Mr. Schlechte, who does not offer any analysis, conclusions, or opinions regarding liability.   Despite his background in accident reconstruction, Mr. Schlechte's report completely lacks any mention about who crossed

---

[24] *Sierra Club*, 73 F.3d at 571.
[25] *Tramonte v. Fibreboard Corp*., 947 F.2d 762, 764 (5th Cir. 1991); *see also Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991).
[26] *Page v. Barko Hydraulics*, 673 F.2d 134, 140 (5th Cir. 1982).
[27] *See Tarto v. St. Charles Par.*, No. CIV.A. 12-2518, 2014 WL 2979732, at *2 (E.D. La. July 1, 2014).

the center line and caused the accident. It *only* addresses a speedometer and does so based on a couple of photographs.[28]

The evidence in this matter clearly establishes that plaintiff failed to provide any expert evidence on the issue of causation by his expert report deadline.  Now, in a last-ditch effort to correct this failure, plaintiff intends to offer Mr. Winkler's untimely and improper testimony on rebuttal.  Given that causation is "an issue of importance" to plaintiff's case-in-chief, this is exactly the type of evidence that is considered improper rebuttal pursuant to the Fifth Circuit's jurisprudence.[29]

Furthermore, this Court has specifically held that a witness "whose purpose is to contradict an expected and anticipated portion of [a] case in chief can never be considered a 'rebuttal witness.'"[30]  Therefore, to the extent that Mr. Winkler intends to contradict testimony related to liability, which is an issue asserted by defendants in an affirmative defense, he cannot be considered a "rebuttal witness" pursuant to this Court's jurisprudence.  Any issue raised by defendants as an affirmative defense is certainly an "expected and anticipated portion of defendants' case-in-chief" to which a rebuttal witness is not proper.

Lastly, despite plaintiff's intention to correct his failure to provide expert testimony on causation by the expert report deadline, rebuttal does not "provide an extension of the deadline by which a party must deliver the lion's share of its expert information."[31]  Here, Mr. Winkler's "rebuttal" testimony comprises the totality of plaintiff's expert testimony on liability since plaintiff has yet to present any expert evidence regarding liability.  Mr. Winkler's intended testimony is

---

[28] See Ex. 2 at p. 6.
[29] *Tramonte v. Fibreboard Corp.*, 947 F.2d 762, 764 (5th Cir. 1991); *see also Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991); *see also Page v. Barko Hydraulics*, 673 F.2d 134, 140 (5th Cir. 1982).
[30] *See Stumbaugh v. Am. Com. Lines LLC*, No. CIV.A. 08-1669, 2009 WL 2922312, at *5 (E.D. La. Sept. 9, 2009) (citing Morgan, 606 F.2d at 556).
[31] *Sierra Club*, 73 F.3d at 571.

therefore improper rebuttal.[32] Because Mr. Winkler is unable to provide proper rebuttal evidence, he is an improper rebuttal witness and should be excluded.

### B.   Mr. Winkler failed to provide timely expert testimony and should be excluded pursuant to this Court's scheduling order.

Additionally, Mr. Winkler cannot testify as an expert witness.  He failed to provide an expert report by the Court's deadline.  As such, any proffered "rebuttal" expert report is considered untimely and inappropriate.

Despite plaintiff's contention that Mr. Winkler is permitted to provide his report pursuant to the deadlines in Rule 26(a)(2)(D)(ii), the deadline for Mr. Winkler's report was February 21, 2022. According to longstanding jurisprudence in this circuit, Federal Rule of Civil Procedure 26(a)(2)(D) is a default rule that applies only in the absence of a more specific court order.[33]

Here, the Court specifically ordered plaintiff to disclose all expert reports no later than February 21, 2022.  Mr. Winkler failed to produce any report by that date. As such, Mr. Winkler violated this Court's scheduling order and cannot testify as an expert witness. This Court's scheduling order clearly warns that any witness who fails to comply with the scheduling order will not be permitted to testify.   To the extent that plaintiff attempts to argue that Rule 26(a)(2)(D)(ii) permit him to disclose Mr. Winkler's report after the Court's deadline, this Court specifically rejected that argument in *Shaw v. Am Honda Motor Co*., 2010 WL 4687836, at *1-2 (E.D.La. Nov. 10, 2010).

Furthermore, any proffered "rebuttal" report by Mr. Winkler is now considered untimely and inappropriate.  Courts within the Fifth Circuit have held that it is inappropriate to submit a

---

[32] *Id.*
[33] *See Roth,* 2021 WL 1534499 at *1; *see also LeBeoufI,* 2016 WL 9411380 at *7.

rebuttal report where the party fails to submit a timely initial report.[34] To allow Mr. Winkler to testify as an "expert" despite his violation of this court's order and longstanding jurisprudence will prejudice defendants on the eve of trial and upset the orderly scheme of expert disclosure.[35]

<u>**Conclusion**</u>

For the reasons set forth here, defendants, Darrell Simmons, McLane/Southern, Inc., Chubb Indemnity Insurance Company, and Ryder Truck Rental, Inc., respectfully request that their motion be granted, and Mr. Winkler be excluded from offering any expert opinions and/or testifying at trial.

Respectfully submitted:

/s/ Louis P. Bonnaffons

_____

**LOUIS P. BONNAFFONS, #21488 (T.A.)**
**ROBERT L. BONNAFFONS, #18564**
**MISHA M. LOGAN, #36552**
**MELISSA RAMSEY, #39308**
**Leake & Andersson LLP**
1100 Poydras Street, Suite 1700
New Orleans, LA  70163-1701
Tel:  504/585-7500
Fax:  504/585-7775
E-mail:  lbonnaffons@leakeandersson.com
            rbonnaffons@leakeandersson.com
            mlogan@leakeandersson.com
            mramsey@leakeandersson.com

---

[34] *See Shaw v. Am Honda Motor Co.*, 2010 WL 4687836, at *1-2 (E.D.La. Nov. 10, 2010); *Cordes v. OSG ShipManagement, Ltd*., 12-2214, 2013 WL 1992178 (E.D.La. May 10, 2013); *S\see also, Broyles v. Cantor Fitzgerald & Co.*, 2016 WL 4267955 (M.D.La. Aug. 10, 2016)(finding that rebuttal expert reports offered by parties after parties' expert disclosure deadlines violated court's scheduling order and striking untimely reports); *see also Johnson v. Big Lots Stores, Inc*., 05-6627, 253 F.R.D. 381, 385 (E.D.La. May 7, 2008)(permitting rebuttal expert as expert had filed an initial expert report).

[35] See *Shaw*, 2010 WL 4687836, at *4; *Zaragoza v. Hartford Fire Ins. Co*., , at *7 (E.D. La. Jan. 22, 2019) ("To permit the plaintiff's listed experts to testify as rebuttal experts when neither expert has produced any report ... that has been disclosed to the defendants would prejudice the defendants with more discovery, subvert the orderly scheme of expert disclosure, and disturb the trial schedule to accommodate the plaintiff's tardiness and failure to comply with the scheduling order."); *Allemand v. Apache Corp*., No. CV 09-7502, 2010 WL 11549419, at *2 (E.D. La. Nov. 10, 2010) ("To permit Plaintiffs' consulting expert ... to provide rebuttal testimony in this case, when he has not submitted an initial expert report, would prejudice Defendant with more discovery and delay and subvert the orderly scheme of expert disclosure which the Court has long ago adopted.").

*Attorneys for Defendants, Darrell Simmons,
McLane/Southern, Inc., Ryder Truck Rental,
Inc., and Chubb Indemnity Insurance
Company*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record on this 22nd day of March, 2022, by ECF filing, by hand delivery, by telephonic facsimile transmission, or by depositing a copy of same in the United States Mail, first class postage prepaid, at their last known addresses of record.

*/s/ Louis P. Bonnaffons*

_____

Louis P. Bonnaffons