UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY L. JONES, JR.** | **Civil Action No.: 2:21 cv 00139** |
| **VERSUS** | **District Judge Carl Barbier** |
| **DARRELL SIMMONS; MCLANE COMPANY, INC; CHUBB INDEMNITY INSURANCE COMPANY AND/OR CHUBB NATIONAL INSURANCE COMPANY AND/OR ACE AMERICAN INSURANCE COMPANY; RYDER TRUCK RENTAL, INC.; AND** | |
| **ABC INSURANCE COMPANY** | **Magistrate Judge Karen Wells Roby** |

## MEMORANDUM IN SUPPORT OF MOTION TO LIMIT THE OPINIONS OF PLAINTIFF'S EXPERT

Darrell Simmons ("Simmons"), McLane/Southern, Inc. ("McLane"), Chubb Indemnity Insurance Company ("Chubb") and Ryder Truck Rental, Inc. ("Ryder") (collectively "Defendants") submit this Memorandum in Support of their Motion to Limit the Opinions of Plaintiff's Expert Witness, Nicholas Schlechte.

## Overview

This Court should limit the opinions of plaintiff's automotive data analysis expert, Nicholas Schlechte, to those provided within his report dated February 18, 2022. Mr. Schlechte's report only provides opinions regarding the frozen speedometer found within Mr. Simmons' truck tractor, and pursuant Rule 26(a)(2)(B)(i), these are the only opinions that Mr. Schlechte will offer at the trial of this matter. Mr. Schlechte's opinions therefore are limited to those in his report regarding the speedometer, and he may not testify beyond the scope of his report. Furthermore, being that Mr. Schlechte's report does not include any opinions regarding liability or fault for the subject accident, he should not be allowed to offer any opinions or testimony on these issues.

1

**Relevant Factual Background**

This matter arises from a two vehicle commercial trucking accident that occurred on January 14, 2020 in Lafourche Parish. Gregory Jones ("Plaintiff" or "Jones") was driving a commercial rig northbound on Louisiana Highway 308 which is a two-lane highway with one lane headed in each direction. Darrell Simmons ("Defendant" or "Simmons") was driving a Ryder truck rig southbound on Highway 308. Simmons was acting within the course and scope of his employment for defendant McLane. Despite overwhelming evidence to the contrary, plaintiff claims that Simmons crossed into plaintiff's northbound lane and struck plaintiff's trailer.[1]

On December 20, 2020, plaintiff filed suit in Lafourche Parish State Court against Simmons, McLane, Chubb, and Ryder, seeking damages for injuries he allegedly sustained as a result of the accident.[2] Defendants verified diversity jurisdiction and removed the case to the USDC Eastern District of Louisiana. The defendants then answered the lawsuit denying liability, alleging that plaintiff caused the accident and asserting additional affirmative defenses.[3]

On January 12, 2022, this Court issued a Scheduling Order which set February 21, 2022, as plaintiff's expert report deadline.[4] No date was defined to disclose expert rebuttal reports.[5] The Court's scheduling order specifically states:

> The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness.[6]

---

[1] R. Doc. 1.
[2] R. Doc. 1.
[3] R. Doc. 7.
[4] R. Docs. 18 and 20. The Court's scheduling order originally set January 21, 2021, as the deadline for Plaintiff's expert reports. It was thereafter extended to February 21, 2022 by this Court's Order dated January 12, 2022.
[5] R. Doc. 18.
[6] R. Doc. 18.

Plaintiff submitted his expert disclosures on February 21, 2022, in which Nicholas Schlechte was identified as his Rule 26(a)(2)(B) expert in automotive data analysis.[7] According to Mr. Schlechte's Rule 26(a)(2)(B) report, he is a crash reconstruction expert who was retained by plaintiff's counsel to analyze post-accident photographs of the speedometer in Simmons' rig and to discuss the accuracy of the non-zero values on the instrument cluster.[8] In other words, does a photograph of Simmons speedometer post-accident establish that Simmons was traveling 56 miles per hour at the time of the impact. Mr. Schlechte's report does not include any opinions regarding liability or fault for the subject accident.[9] Plaintiff failed to disclose any other Rule 26(a)(2)(B) experts who could provide any such opinions.

## Legal Standard

Rule 26(a)(2) of the Federal Rules of Civil Procedure governs the disclosure of expert testimony. Pursuant to Rule 26(a)(2)(B)(i), all experts retained for the purpose of providing expert testimony at trial are required to produce a report that includes the following:

(i) **a complete statement of all opinions the witness will express and the basis and reasons for them**;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.[10]

---

[7] See Ex. 1 (Plaintiff's Expert Disclosures)
[8] See Ex. 2 at p. 4 (Schlechte's Report)
[9] See Ex. 2 at p. 6.
[10] Fed. R. Fed. Proc. 26(a)(2)(B)(i).

Pursuant to Rule 26(a)(2)(D), the time to disclose expert testimony is as follows:

(D) Time to Disclose Expert Testimony. *A party must make these disclosures at the times and in the sequence that the court orders*. **Absent a stipulation or a court order**, the disclosures must be made:

(i) at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.[11]

The disclosure deadlines outlined in Rule 26(a)(2)(D) apply only in the absence of a stipulation or court order.[12] When a scheduling order is in place, district courts are given "broad discretion to preserve the integrity and purpose of the pretrial order."[13] This discretion includes the decision to exclude evidence as a means of enforcing those orders.[14] The district court's decision to exclude evidence as a means of enforcing a pretrial order will not be disturbed absent a clear abuse of discretion.[15]

The district court similarly has broad discretion in determining whether a party may present testimony in rebuttal.[16] According to Rule 26 (2)(a)(D)(ii), proper rebuttal evidence is that which is "intended solely to contradict or rebut evidence on the same subject matter identified" by the opposing party's case in chief expert report.[17] The Fifth Circuit additionally instructs that "[r]ebuttal is a term of art, denoting evidence introduced by a Plaintiff to meet new facts brought

---

[11] Fed. R. Civ. P. 26(a)(2)(D) (*emphasis added*).
[12] *See Roth v. Sentry Ins.*, No. CV 20-1298, 2021 WL 1534499, at *1 (E.D. La. Apr. 19, 2021); *see also LeBeouf v. Manning*, 2016 WL 9411380, at *7 (E.D. La. Feb. 2, 2016).
[13] *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).
[14] *Id.*
[15] *Id*.
[16] Cates v. Sears, Roebuck & Co., 928 F.2d 679, 685 (5th Cir. 1991); La. Healthcare Self Ins. Fund v. United States, Civil Action No. 12-766-JJB-RLB, 2014 WL 3720526, at *2 (M.D. La. July 25, 2014) (citing Wright Root Beer Co. of New Orleans v. Dr. Pepper Co., 414 F.2d 887, 892 (5th Cir. 1969)).
[17] Fed. R. Civ. P. 26(a)(2)(D)(ii); *see also United States v. 9.345 Acres of Land*, No. CV 11-803-JJB-EWD, 2016 WL 5723665, at *3 (M.D. La. Sept. 30, 2016).

out in his opponent's case in chief."[18] Therefore, a witness "whose purpose is to contradict an expected and anticipated portion of [a] case in chief can never be considered a 'rebuttal witness.'"[19]

Not all potential evidence can be used as rebuttal evidence. Rebuttal is not "intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information."[20] Therefore, rebuttal evidence cannot be used to establish any "issue of potential importance to the outcome of [a party's] case in chief."[21] A party similarly cannot use a rebuttal witness "to remedy what [the attorneys] perceived to be a defect in their case-in-chief."[22]

While a rebuttal expert may use different methods of analysis from those used by the case-in-chief expert, an expert may not offer new arguments or opinions once the scheduling order's deadline for the exchange of expert reports has passed.[23]

### Law and Argument

Plaintiff has the burden of proof and the obligation to provide expert opinions on the ultimate issue of liability prior to the date for defendants to produce expert reports. As defendants have argued in there Motion to Exclude Plaintiff's Rebuttal Witness, plaintiff has failed to provide any expert opinions which refute the physical evidence which shows that plaintiff crossed the center line into Simmons' lane where the impact occurred. Instead, plaintiff offered the report and opinions of his solidary Rule 26(a)(2)(B) expert, Mr. Schlechte, who does not offer any analysis, conclusions, or opinions regarding liability. Despite his background in accident reconstruction,

---

[18] *Morgan v. Commercial Union Assurance Cos.*, 606 F.2d 554, 555 (5th Cir. 1979) (citing *Mersel v. United States*, 420 F.2d 517, 520 (5th Cir. 1969)).
[19] *See Stumbaugh v. Am. Com. Lines LLC*, No. CIV.A. 08-1669, 2009 WL 2922312, at *5 (E.D. La. Sept. 9, 2009) (citing Morgan, 606 F.2d at 556).
[20] *Sierra Club*, 73 F.3d at 571.
[21] *Tramonte v. Fibreboard Corp.*, 947 F.2d 762, 764 (5th Cir. 1991); *see also Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991).
[22] *Page v. Barko Hydraulics*, 673 F.2d 134, 140 (5th Cir. 1982).
[23] *See Tarto v. St. Charles Par.*, No. CIV.A. 12-2518, 2014 WL 2979732, at *2 (E.D. La. July 1, 2014).

Mr. Schlechte's report completely lacks any mention about who crossed the center line and caused the accident. It *only* addresses a speedometer and does so based on a couple of photographs.[24]

Pursuant Rule 26(a)(2)(B)(i), Mr. Schlechte's opinions regarding the frozen speedometer found within Mr. Simmons' tractor are the only opinions that Mr. Schlechte will offer at the trial of this matter.[25] Mr. Schlechte's opinions are therefore limited to those in his report regarding the speedometer, and he may not testify beyond the scope of the same. Being that Mr. Schlechte's report does not include any opinions regarding liability or fault for the subject accident, he should not be allowed to offer any opinions or testimony regarding liability.

## Conclusion

For the reasons set forth here, defendants, Darrell Simmons, McLane/Southern, Inc., Chubb Indemnity Insurance Company, and Ryder Truck Rental, Inc., respectfully request that their motion be granted, and Mr. Schlechte be limited to the opinions provided in his expert report.

Respectfully submitted:

*/s/ Louis P. Bonnaffons*
_____
**LOUIS P. BONNAFFONS, #21488 (T.A.)**
**ROBERT L. BONNAFFONS, #18564**
**MISHA M. LOGAN, #36552**
**MELISSA RAMSEY, #39308**
**Leake & Andersson LLP**
1100 Poydras Street, Suite 1700
New Orleans, LA  70163-1701
Tel:  504/585-7500
Fax:  504/585-7775
E-mail:  lbonnaffons@leakeandersson.com
           rbonnaffons@leakeandersson.com
           mlogan@leakeandersson.com
           mramsey@leakeandersson.com
*Attorneys for Defendants, Darrell Simmons, McLane/Southern, Inc., Ryder Truck Rental, Inc., and Chubb Indemnity Insurance Company*

---

[24] See Ex. 2 at p. 6.
[25] Fed. R. Civ. Proc. Rule 26(a)(2)(B)(i)

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record on this 22nd day of March, 2022, by ECF filing, by hand delivery, by telephonic facsimile transmission, or by depositing a copy of same in the United States Mail, first class postage prepaid, at their last known addresses of record.

*/s/ Louis P. Bonnaffons*

Louis P. Bonnaffons