UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREGORY L. JONES, SR.                    CIVIL ACTION

VERSUS                                    NO. 21-139

DARRELL SIMMONS, ET AL.                  SECTION: "J"(4)

## ORDER & REASONS

Before the Court is a *Partial Motion to Dismiss* **(Rec. Doc. 28)** filed by Defendants, Chubb Indemnity Insurance Company, McLane/Southern, Inc., Ryder Truck Rental, Inc., and Darrell Simmons (collectively, "Defendants"). The motion is opposed by Plaintiff, Gregory L. Jones, Jr. ("Plaintiff"). (Rec. Doc. 42). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion **(Rec. Doc. 28)** shall be **DENIED.**

Relevant to this motion, Plaintiff filed suit bringing a vicarious liability claim and an independent negligent hiring, training, and supervision claim against McLane, Inc. Defendants now move to dismiss the independent negligence claim relying on an *Erie* guess born out of *Dennis v. Collins* and its progeny. *See* 2016 U.S. Dist. LEXIS 155724 (W.D. La. Nov. 9, 2016).

The fundamental issue here is whether a plaintiff can maintain both a direct negligence and indirect negligence claim against an employer, when the allegedly negligent employee was in the course and scope of their employment. Although the Louisiana Supreme Court has not directly addressed this question, the Court has made clear that vicarious liability and negligent hiring and training are "two theories

1

of liability [that] are separate and independent. The major difference between them is that the tort of negligent hiring is not cabined to the narrow confines imposed by the respondeat superior's 'scope of employment' limitation." *Roberts v. Benoit*, 605 So. 2d 1032, 1037 (La. 1991) (citing *Peer v. City of Newark*, 176 A.2d 249 (1961)). The rule proposed in *Dennis* asks the Court to dismiss claims that hold an employer directly liable for its independent fault. *Gordon v. Great West Cas. Co.*, 2020 U.S. Dist. LEXIS 112281, at *10 (W.D. La. June 25, 2020). This ignores that:

> "[t]he fundamental purpose of Louisiana's comparative fault scheme is to ensure that each tortfeasor is responsible only for the portion of the damage he has caused." . . . Where an employer's potential fault is merged with that of the employee, the jury might not have a true picture of either party's wrongful acts—which may in turn, magnify the comparative fault of the plaintiff or other individuals.

*Id.* at *10-11 (quoting *Thompson v. Winn-Dixie Montgomery, Inc.*, 181 So. 3d 656, 664 (La. 2015)). The Court declines to dismiss Plaintiff's claims, based on the "lack of support from the Louisiana Supreme Court and statutory law, its dubious impacts on litigation, and the potential to achieve its policy aims through other means." *Id.* at *13.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Partial Motion to Dismiss* **(Rec. Doc. 28)** is **DENIED.**

New Orleans, Louisiana, this 6th day of April, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

2