UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGORY L. JONES, JR.<br><br>        **PLAINTIFF**<br><br>VERSUS<br><br>DARRELL SIMMONS; MCLANE COMPANY, INC; CHUBB INDEMNITY INSURANCE COMPANY AND/OR CHUBB NATIONAL INSURANCE COMPANY AND/OR ACE AMERICAN INSURANCE COMPANY; RYDER TRUCK RENTAL, INC.; AND ABC INSURANCE COMPANY<br><br>        **DEFENDANTS** | CIVIL ACTION<br><br>NO.: 2:21-CV-00139-CJB-KWR<br><br>JUDGE CARL J. BARBIER<br><br>MAG. JUDGE KAREN WELLS ROBY |

## **DEFENDANTS' PROPOSED JURY CHARGES**

Defendants propose that the Court give the following Fifth Circuit Pattern Jury Instructions, without modification expect as indicated in the Pattern Jury Charges or below:

**Preliminary Instructions - Civil Cases**

1.1 Instructions for Beginning of Trial

1.2 Preliminary Instruction to Jury

**General Instructions – Civil Cases**

2.1 First Recess

2.2 Stipulated Testimony

2.3 Stipulations of Fact

2.4 Judicial Notice

1

2.6  Limiting Instruction

2.7  Charts and Summaries

2.8  Demonstrative Evidence

2.9  Witness not called[1]

2.10  Similar Acts

2.11  Impeachment by Witness's Inconsistent Statements

2.13  Deposition Testimony

2.15  Law-Enforcement Officer Testimony

2.16  Bias – Corporate Party Involved

2.17  Clear and Convincing Evidence

2.18  Civil Allen Charge[2]

**Jury Charges – Civil Cases**

3.1  Judge's Remarks to Members of the Jury

3.2  Burden of Proof: Preponderance of the Evidence

3.3  Evidence

3.4  Witnesses

3.5  Expert Witnesses

3.6  No Inference from Filing Suit

3.7  Duty to Deliberate; Notes

**Damages**

15.1  Consider Damages Only if Necessary

---

[1] To the extent that this applies.
[2] As deemed necessary to the court.

15.2 Compensatory Damages [3]

15.5 Mitigation of Damages

**Defendants' Proposed Jury Charges and/or Additions to the Pattern Jury Charges.**

*See following pages*

---

[3] The pattern jury instruction request that we insert the damage elements that may be compensable under the law. The information defendants deem should be included are found in proposed charges 3-14.

3

44024/1418560

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1

As an addition to Pattern Jury Charge 3.2, Defendants would request that this Court add the jury charge below.

## Burden of Proof

Speculation, conjecture, mere possibility, and even unsupported probabilities are not sufficient to meet Plaintiffs' burden of proof.

_____

*Coon v. Placid Oil Co.,* 493 So.2d 1236 (La.App. 3Cir.) *writ denied* 497 So.2d 1002 (La. 1986), *citing Mitchell Bros. v. Dinvaut,* 374 So.2d.199 (La. App. 4 Cir. 1979), *writ denied,* 379 So.2d 1271 (La. 1979).

H. Alston Johnson, 18 Louisiana Civil Law Treatise - Civil Jury Instructions § 3:3 (3d ed. 2011).

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2

As an addition to Pattern Jury Charge 3.3, Defendants would request that this Court add the jury charge below.

## NO SYMPATHY

Your verdict in this case must be based solely and exclusively on the evidence presented. Your decision cannot be based on prejudice, sympathy, or any motive whatsoever except a fair and impartial consideration of the evidence. You must not under any circumstances allow any sympathy you might have for the plaintiff or the defendant to influence you in any degree whatsoever in arriving at your verdict. It is only natural and human to sympathize with a person who has experienced some loss or misfortune, but you must not allow your sympathy to enter into the consideration of the case, or to influence your verdict.

---

*Lewis v. Fidelity & Casualty of New York*, 230 So.2d 636, 639 (La. 1976);
*Wilson v. Southern Farm Bureau Co.,* 275 F.2d 819, 821 (5th Cir.) *cert. denied*, 364 U.S. 817, 81 S.Ct. 49, 5 L.Ed.2d 48 (1960);

Defendants maintain that proposed Jury Charges 3 -15 should be added to the jury charges under Pattern Jury Chare 15.2.

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3

## NEGLIGENCE

In order for liability to attach in a case under a theory of negligence, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability); and, (5) actual damages (the damages element).

---

*Mathieu v. Imperial Toy Corp.,* 94-0952 (La. 11/30/94), 646 So. 2d 318, 322 (*Citing to Roberts v. Benoit,* 605 So.2d 1032 (La.1991), *on rehearing*, 605 So.2d 1050, 1051 (La.1991*); see also Mundy v. D.H.H.R.,* 620 So.2d 811 (La.1993); *Wilson v. State through DOTD*, 576 So.2d 490 (La.1991); *Thomas C. Galligan, Jr., A Primer on the Patterns of Negligence*, 53 La.L.Rev. 1509, 1510 (1993)).

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4

## DUTY OF MOTORISTS

A motorist has a duty to exercise reasonable care in the operation of their vehicle, which includes the duty to keep his vehicle under control and to maintain a proper lookout at all times.

_____

*Johnson v. State Through Dep't of Transportation & Dev.*, 2017-0973 (La. App. 1 Cir. 4/3/19), 275 So. 3d 879, writ denied, 2019-00676 (La. 9/6/19).
*Harrell v. City of Shreveport*, 47,011 (La. App. 2 Cir. 5/23/12), 92 So. 3d 1180, writ denied, 2012-1443 (La. 10/8/12), 98 So. 3d 860.
*Fournet v. Smith*, 2008-0586 (La. App. 1 Cir. 1/15/09).
*Sullivan v. Murphy,* 37,473 (La. App. 2 Cir. 8/22/03), 852 So. 2d 1277, writ denied, 2003-2635 (La. 12/12/03), 860 So. 2d 1158, and writ denied, 2003-2650 (La. 12/12/03), 860 So. 2d 1160.

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5

## PRESUMPTION OF NEGLIGENCE

The mere fact that an accident has occurred does not create a presumption of negligence on the part of anyone.

_____

*City of New Orleans v. Williams*, 292 So.2d 744 (La. App. 4 Cir. 1974).
*Henry v. State of Louisiana, Department of Health and Human Resources,* 482 So.2d 962 (La. 3rd Cir. 1986).
*Lawrence v. New Hampshire Indem. Co.*, 583 So.2d 155, 157 (La.App. 3rd Cir. Jul 16, 1991)
*Jamison v. U.S.,* 491 F.Supp.2d 608 (W.D.La. 2007)
*Barrow v. Brownell*, 938 So.2d 118 (La.App.1.Cir.,2006)

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6
## COMPARATIVE NEGLIGENCE

La. Civ. Code art. 2323 provides that "in any action for damages …, the degree of percentage of fault of all persons causing or contributing to the injury, death or loss shall be determined, regardless of whether the person is a party to the action or a non-party … . The [foregoing] provisions … shall apply to any claim … asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability." Thus, this article clearly requires that the fault of every person responsible for a plaintiff's injuries be compared, whether or not they are parties, regardless of the legal theory of liability asserted against each person.

_____

*Dumas v. State ex rel Dept. of Culture, Recreation & Tourism*, 828 So.2d 530, 537 (La. 2002)

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7

## FAULT OF INJURED PARTY

One of the defenses which the law permits defendants to raise is that the injured persons were themselves at fault and thereby helped cause their own injuries.

If you conclude that Gregory Jones' conduct in this incident was a deviation from the standard conduct, we normally would expect of a reasonably prudent person under the circumstances, then Gregory Jones can be assessed with all or a portion of negligence.

_____

*Leger v. Citron Ford, Inc.,* 589 So.2d 23 (La. App. 1 Cir. 1991).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8

## CAUSATION

A person may only be held liable for damages caused by her/his negligent act that has been proven through medical and lay witness testimony that it is more probable than not that Mr. Jones' injuries were caused by the accident. Defendants are not liable for damages caused by separate, independent or intervening causes of damages.

_____

*Brumfield v. Guilmino*, 633 So.2d 903, 909 (La. App. 1Cir. 1994).

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9

## CAUSE IN FACT

To recover any damages, the negligence complained of must be a cause in fact of plaintiff's alleged injuries. To be a cause in fact, defendant's negligence or conduct must be a substantial factor in bringing about or causing the alleged injuries.

The law requires that the defendants allegedly wrongful conduct be a cause in fact of plaintiff's harm. As jurors you should first determine what, if any, conduct of defendant falls below the standards which the law imposes upon her, i.e., the conduct of a reasonable man. If you do find such wrongful conduct, you must next determine whether the plaintiff's alleged injuries were caused by that conduct. If you determine that the plaintiff did not suffer the injuries alleged due to defendant's conduct, or that the injuries were a result of a pre-existing condition or a subsequent injury or abnormality, then you must conclude that the injuries were not caused in fact by Mr. Leblanc, and you must render a verdict for defendants.

_____

*Roberts v. Benoit,* 605 So. 2d 1032 (La. 1991), *on reh'g* (May 28, 1992)

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10

## MEDICAL CAUSATION

A causal relationship must exist between the alleged wrongful conduct and the resulting harm before liability can attach. The test for whether or not a plaintiff has adequately proven a causal relationship between the accident and his medical treatment and expenses is whether the plaintiff has demonstrated, through medical testimony, that, more probably than not, the medical treatment was necessitated by the accident. The mere possibility of a causal connection is insufficient.

---

*Pironti v. State Farm Ins. Co.*, 1992 U.S. Dist. LEXIS 17866 (E.D.La. Nov. 19, 1992); *citing Chatelain v. Project Square*, 505 So.2d 177, 181 (La.App.4th Cir. 1987), *cert. denied*, 508 So.2d 71 & 74 (La. 1987); *Richard v. Walgreens*, 476 So.2d 1150, 1152 (La.App.3rd Cir. 1986); *Polman v. Mohasco Corp.*, 371 So.2d 838, 840 (La.App.4th Cir. 1979)).
*Maranto v. Goodyear Tire & Rubber Co.,* 94-2603 (La. 2/20/95); 650 So.2d 757.
*Turner v. Cleveland Trust Co.*, 95-2488 (La.App. 4 Cir. 5/22/96); 686 So.2d 871.
*Creel v. Tarver & Son Tractor Co., Inc.,* 537 So.2d 752 (La.App. 1 Cir. 1988)

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11

## INTERVENING CAUSE

Defendants cannot be held responsible for the result of a later, separate, independent and intervening accident with which he had no connection to the accident we are here for today. If the plaintiff received an injury through the negligence of another, and the injury is afterwards aggravated, Defendants can only be liable for the injuries, medical treatment, and damages sustained as a direct result of the January 14, 2020 auto accident. Any injuries or damages sustained by plaintiff as a result of the October 29, 2021 accident are not attributable to Defendants and they may not be held liable for them.

_____

*Foret v. United Services Automobile Assoc.,* 293 So.2d 671 (La. App. 1st Cir. 1974);
*Waggoner v. Marquette Casualty Co.,* 118 So2d. 475 (La. App. 2d Cir. 1965);
*Rainwater v. Timothy*, 87 So.2d 11 (La. App. Orl. 1956).

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12

## LOST WAGES AWARD CANNOT BE SPECULATIVE

Louisiana law requires a plaintiff to produce independent supporting evidence of income to recover economic damages associated with alleged lost wages. An award for lost wages cannot be based on speculation.

_____

*Clark v. R.D. Werner Co., Inc.*, 2000 LEXIS 7574 at *5-6 (E.D.La. May 18, 2000); *Birdsall v. Regional Electric & Constr., Inc.*, 710 So.2d 1164, 1170 (La.App.1st Cir, 1998) ("to allow plaintiff to recover damages for lost wages when there is no independent support of plaintiff's claim is highly speculative").

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13**

**LOST WAGES/LOSS OF EARNING CAPACITY**

A plaintiff must present evidence that shows that he has a disability that prevents him from working, in order to receive damages for loss of future income. In order to obtain an award for future loss of wages, a plaintiff must present medical evidence which indicates with reasonable certainty that there exists a residual disability causally related to the accident.

_____

*Johnson v. Hamilton Med. Group*, 921 So.2d 1183, 1188 (La.App.3rd Cir. 2006); citing *Pontiff v. Pecot & Assoc.*, 780 So.2d 478, 487 (La.App.3rd Cir. 2001); *Aisole v. Dean*, 574 So.2d 1248, 1252 (La. 1991)

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14

## LOST WAGES/LOSS OF EARNING CAPACITY

An award of damages for future loss of wages requires that the plaintiff produce evidence that he will be disabled in the future from pursuing gainful employment.

_____

*Johnson v. Hamilton Med. Group*, 921 So.2d 1183, 1188 (La.App.3rd Cir. 2006); *citing Pontiff v. Pecot & Assoc.*, 780 So.2d 478, 487 (La.App.3rd Cir. 2001); *Efferson v. State, Through Dept. of Transp. & Dev.,* 463 So.2d 1342 (La.App.1st Cir. 1984), *writs denied,* 465 So.2d 722 (La. 1985)

Respectfully submitted,


***/s/ Louis P. Bonnaffons***
LOUIS P. BONNAFFONS, #21488 (T.A.)
ROBERT L. BONNAFFONS, #18564
MISHA M. LOGAN-JOHNSON, #36552
Leake & Andersson, LLP
1100 Poydras Street, Suite 1700
New Orleans, LA  70163-1701
Tel:  504-585-7500
E-mail:  lbonnaffons@leakeandersson.com
  rbonnaffons@leakeandersson.com
           mlogan@leakeandersson.com
*Attorneys for Defendants, Darrell Simmons, McLane/Southern, Inc., Ryder Truck Rental, Inc. and Chubb Indemnity Insurance Company*

44024/1418560