# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY L. JONES, JR.**<br><br>                              **PLAINTIFF**<br><br>**VERSUS**<br><br>**DARRELL SIMMONS; MCLANE COMPANY, INC; CHUBB INDEMNITY INSURANCE COMPANY AND/OR CHUBB NATIONAL INSURANCE COMPANY AND/OR ACE AMERICAN INSURANCE COMPANY; RYDER TRUCK RENTAL, INC.; AND ABC INSURANCE COMPANY**<br><br>                              **DEFENDANTS** | **CIVIL ACTION**<br><br>**NO.: 2:21-CV-00139-CJB-KWR**<br><br>**JUDGE CARL J. BARBIER**<br><br>**MAG. JUDGE KAREN WELLS ROBY** |

## DEFENDANTS MEMORANDUM ON THEIR OBJECTIONS ON THE TRIAL DEPOSTION OF MARK CAVALLINO

**NOW INTO COURT**, through undersigned counsel, come Defendants, Darrell Simmons, McLane/Southern, Inc., Chubb Indemnity Insurance Company, and Ryder Truck Rental, Inc., who respectfully submit their objections to the following portions of Mark Cavallino's trial deposition. The following reflects the remaining objections that the parties could not agree upon.

1. **P. 10:3** – Plaintiff seeks to remove the reference to Mr. Cavallino testifying previously in Worker's Compensation Court. This is permissible. The line of questioning is in reference to his qualifications as an expert.

2. **P. 10:24-25; 11:1-7** – Opposing counsel objected on the grounds of relevance. This question is relevant for the jury to understand that we, defendants, did not hire Mr. Cavallino. In fact, the FCE was requested by plaintiff's treating physician Dr. Marco Rodriguez. This question shows that Mr. Cavallino has no connection to the defendants and is not being paid by us to provide favorable testimony.

3. **P. 21:24-25; 12:1-2** – Opposing counsel objected on the grounds of speculation. This question does not call for speculation. It is a straightforward question as to whether the non-organic response found to be present in an FCE exam, undermines or impact the validity of the test itself. There is no speculation, Mr. Cavallino testified that the validity noted in his report as to Mr. Jones' efforts, not the exam.. While plaintiff's counsel has agreed to remove his objection, he also wants to remove the question while keeping part of the answer. It is improper. The question was proper and should not be removed. The defendants request that the objection be removed.

4. **P. 24:20-25; 12:1** – Opposing counsel objected on the grounds of speculation. This question does not call for speculation. His testimony is that he cannot give an opinion about what Mr. Jones' motivations are. However, his report notes this exact language that his motivations are a factor in his efforts in the FCE. This testimony is within the scope of his report.

5. **P. 26:2-9** – Defendants lodged an objection as this beyond the scope of report. Mr. Cavallino was not retained to discuss or rebut the findings of the treating physicians. However, he did not discuss their findings or opinions in the report. His report is solely based on his examination. The line of questioning is beyond the scope of report and should be maintained.

6. **P. 29:5-13** – Defendants objected to this question as it was asked and answered. Additionally, it goes beyond the scope of his report. This was repeated several times throughout the deposition.

7. **P. 32:15-2** - Defendants objected to this question as it was asked and answered in the question just before this. Additionally, it goes beyond the scope of his report.

8. **P. 33:4-13** - Defendants objected to this question as it goes beyond the scope of his report. His earlier testimony addressed what are the two reasons for non-organic responses. This question also assumes an infers that Jones has suffered some form of anxiety which leads to his non-organic responses. This assumes facts not in evidence.

9. **P. 35: 16-24** - Defendants objected to this question as it goes beyond the scope of his report. He did not provide any testimony regarding the necessity of plaintiff's medical treatment. This is beyond the scope of the report and what he was retained to do. This objection should be sustained.

10. **P. 40:17-25; 41:1-3** - this is all well beyond the scope of his report. His report has no discussion regarding the pain medications Mr. Jones was taking. Further this is a mischaracterization of Dr. Rodriguez's opinion; Dr. Rodriguez testified at his deposition

that Jones' could return to work if he weans of medication which Dr. Rodriguez recommends.

11. **P. 42:5-10** – Defendants object as this is all well beyond the scope of his report. Mr. Cavallino is not giving a medical opinion. He has admitted this previously in this trial deposition.

12. **P. 42: 17-21** – Defendants objected to this as it was asked and answered several times. Mr. Cavallino previously admitted that he was not a medical physician.

Respectfully submitted:

*/s/ Louis P. Bonnaffons*
**LOUIS P. BONNAFFONS, #21488 (T.A.)**
**ROBERT L. BONNAFFONS, #18564**
**MISHA M. LOGAN-JOHNSON, #36552**
Leake & Andersson LLP
1100 Poydras Street, Suite 1700
New Orleans, LA  70163-1701
Tel: 504-585-7500   Fax: 504-585-7775
E-mail: lbonnaffons@leakeandersson.com
rbonnaffons@leakeandersson.com
mlogan@leakeandersson.com
Attorneys for Defendants, Darrell Simmons, McLane/Southern, Inc., Ryder Truck Rental, Inc. and Chubb Indemnity Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record on **April 10, 2023**, by ECF filing, by hand delivery, by telephonic facsimile transmission, or by depositing a copy of same in the United States Mail, first class postage prepaid, at their last known addresses of record.

*/s/ Louis P. Bonnaffons*