UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY L. JONES, JR.** | **CIVIL ACTION** |
| **PLAINTIFF** | **NO.: 2:21-CV-00139-CJB-KWR** |
| **VERSUS** | **JUDGE CARL J. BARBIER** |
| **DARRELL SIMMONS; MCLANE COMPANY, INC; CHUBB INDEMNITY INSURANCE COMPANY AND/OR CHUBB NATIONAL INSURANCE COMPANY AND/OR ACE AMERICAN INSURANCE COMPANY; RYDER TRUCK RENTAL, INC.; AND ABC INSURANCE COMPANY** | **MAG. JUDGE KAREN WELLS ROBY** |
| **DEFENDANTS** | |

## DEFENDANTS MEMORANDUM ON THEIR OBJECTIONS ON THE TRIAL DEPOSITION OF DR. NICHOLAS SCHLECHTE

**NOW INTO COURT**, through undersigned counsel, come Defendants, Darrell Simmons, McLane/Southern, Inc., Chubb Indemnity Insurance Company, and Ryder Truck Rental, Inc., who respectfully submit their objections to the following portions of Dr. Nicholas Schlechte's trial deposition. The following reflects the remaining objections that the parties could not agree upon.

1. Page 5, lines 1-25; Defendants lodged an objection to the use of evidence obtained by NCTI, including but not limited to photographs of the interior of Darrell Simmons' vehicle, as evidenced by plaintiff's expert Nicholas Schlechte, if Mr. Gillen is not called as a witness at trial.

2. Page 10, line 13-15 - The defendants might not call defense accident reconstruction expert Michael Gillen from NCTI as a witness. Therefore, any references to Michael Gillen, NCTI, or any evidence they obtained that was reviewed and/or relied upon by Nicholas Schlechte is improper.

3. Page 15, lines 1-2; the portion of the answer that says "from the defense expert" should be removed. The defendants might not call defense accident reconstruction expert Michael Gillen from NCTI as a witness. Therefore, any references to Michael Gillen, NCTI, or any evidence they obtained that was reviewed and/or relied upon by Nicholas Schlechte is improper.

4. Page 18, lines 21-22; the words "from the defendant's expert" should be removed. The defendants might not call defense accident reconstruction expert Michael Gillen from NCTI as a witness. Therefore, any references to Michael Gillen, NCTI, or any evidence they obtained that was reviewed and/or relied upon by Nicholas Schlechte is improper.

5. Page 24, lines 9-25 and page 25, line 1; this testimony is outside the scope of Nicholas Schlechte's retention, area of expertise and opinions contained in his expert report. This testimony violates Rule 26. Defendants point to Mr. Schlechte's report but to his deposition transcript page 12, lines 21-25 and continuing through page 13, lines 1-5; page 13, lines 7-23 and page 15, lines 16-22.

6. Page 25, lines 2-21; line; this testimony is outside the scope of Nicholas Schlechte's retention, area of expertise and opinions contained in his expert report. This testimony violates Rule 26. Defendants refer the Court to not only Mr. Schlechte's report but to his deposition transcript page 12, lines 21-25 and continuing through page 13, lines 1-5; page 13, lines 7-23 and page 15, lines 16-22. Defendant notes that on Page 24 and 25 Plaintiff has added redactions on pages 24, lines 23-25 and page 25, line 1, lines 8-15. Defendants objects to the limited redaction. As of the drafting of this memo, defendants have not received any notice as object to the redactions were made and the basis of the redaction.

7. Page 26, lines 9-25; P. 27, line 1-4; this testimony is outside the scope of Nicholas Schlechte's retention, area of expertise and opinions contained in his expert report. This testimony violates Rule 26. I refer you to not only Mr. Schlechte's report but to his deposition transcript page 12, lines 21-25 and continuing through page 13, lines 1-5; page 13, lines 7-23 and page 15, lines 16-22.

8. Page 41, lines 3-17; line; this testimony is outside the scope of Nicholas Schlechte's retention, area of expertise and opinions contained in his expert report. This testimony violates Rule 26. Defendants refer to not only Mr. Schlechte's report but to his deposition transcript page 12, lines 21-25 and continuing through page 13, lines 1-5; page 13, lines 7-23 and page 15, lines 16-22.

9. Page 42, lines 10-25 and page 43, lines 1-25; line; this testimony is outside the scope of Nicholas Schlechte's retention, area of expertise and opinions contained in his expert report. This testimony violates Rule 26. Defendants refer to not only Mr. Schlechte's report but to his deposition transcript page 12, lines 21-25 and continuing through page 13, lines 1-5; page 13, lines 7-23 and page 15, lines 16-22.

Respectfully submitted:

*/s/ Louis P. Bonnaffons*
**LOUIS P. BONNAFFONS, #21488 (T.A.)**
**ROBERT L. BONNAFFONS, #18564**
**MISHA M. LOGAN-JOHNSON, #36552**
Leake & Andersson LLP
1100 Poydras Street, Suite 1700
New Orleans, LA  70163-1701
Tel: 504-585-7500    Fax: 504-585-7775
E-mail:  lbonnaffons@leakeandersson.com
             rbonnaffons@leakeandersson.com
             mlogan@leakeandersson.com
Attorneys for Defendants, Darrell Simmons, McLane/Southern, Inc., Ryder Truck Rental, Inc. and Chubb Indemnity Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record on **April 10, 2023**, by ECF filing, by hand delivery, by telephonic facsimile transmission, or by depositing a copy of same in the United States Mail, first class postage prepaid, at their last known addresses of record.

*/s/ Louis P. Bonnaffons*